### SLAWSON *v.* W. T. ADAMS MACHINE Co.

[78 South. 753, Division A.]

TAXATION. *Tax title. Statute of limitations.*

> Laws 1912, chapter 233, Amending Code 1906, section 3095 (Hemingway's Code, section 2459), providing for a bar by limitation of an action for the recovery of land sold at tax sale, where the land has been occupied under a tax deed for three years, after two years from date of sale, applies to all sales whether made before or after its passage, and whether such tax sale was void or merely voidable.

APPEAL from the chancery court of Winston county. HON. ALBERT Y. WOODWARD, Chancellor.

Action by the W. T. Adams Machine Company against H. J. Slawson. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Brantley & Livingston,* for appellant.

We now pass to the most important phase of this case which is the statute of limitations. The court will readily see that the tax sale was made in May, 1910, and the bill was not filed in the chancery court until the 21st day of September, 1915, which was more than five years from the date of the sale.

"Actual occupation for three years, after two years from the day of sale of land held under a conveyance by a tax collector in pursuance of a sale for taxes, shall bar any suit to recover such land or assail such title because of any defect in the sale of the land for taxes, or in any precedent step to the sale, saving to minors and persons of unsound mind the right to bring suit within such time, after the removal of their disabilities, and upon the same terms as is provided for the redemption of land by such persons. Chapter 233, Laws of 1912.

The above statute, or a similar statute was passed upon by this court in the case of *Hamner et al.* v. *Yazoo Delta Lumber Co.*, 56 So. 466, "Ann. Code 1892, sec. 2735, providing that actual occupation for three years after two years from the date of sale of land for taxes bars a suit for the land embodied in the chapter entitled 'limitation of actions,' is a mere statute of limitations, and possession for the specified period based on a tax sale confers title on the tax sale purchaser, though the assessment for taxes under which the sale was made was based on an unconstitutional law, and bars an action to invalidate deeds for grounds specified in section 3817."

"A tax sale though void on its face, is good color of title on which to found a claim of title by adverse possession." "The possession, or occupancy, of the land is the principal, and the tax deed is the color of title; the possession confers the actual, real title or ownership."

The above ruling was followed also in the case of *Littlier et al.* v. *Boddie et al.*, 61 So. 171, 64 So. 660. Counsel contends that the statute of 1906, sec. 3095, should govern in this case instead of chapter 233 of the laws of 1912, above cited, but we can see no reason why such should be the case. No cause of action arose until May 2, 1912, and the statute of 1912 was approved

Feb. 22, 1912, and was in full force and effect. We fail to find any ruling by this court upon this question. But do find in the case of *Relyea* v. *Tomahawk Paper and Pulp Co.,* 72 Am. St. Rep. 878, the following: "The statute of limitations in force when an action is commenced governs, in the absence of some indication therein or in some other provision of law, to the contrary."

A statute of limitations is merely a statute of repose in which there is no vested rights and the legislature has a right to alter or amend at any time 28 Miss. 361.

We submit that this case should be reversed and the bill dismissed.

*L. H. Hopkins,* for appellee.

If our contention is true that the sale was absolutely void, for the numerous reasons above stated, no title was conveyed, as said sale was made under sec. 3095, Code 1906.

But it is contended by counsel for appellant that this case was tried since the repeal of said statute and that the Law of 1912, should control. But we do not think so, because the celebrated case of *Hamner* v. *Yazoo Delta Lumber Company,* 100 Miss. 349, was tried while the said Law of 1906 was in force, and the court decided that the case under the Laws of 1880 and 1892, which is identically the same as the law of 1912, and the court recites the fact on the latter part of page 419 in the opinion of said case that it was evidently the intention of the legislature to effect a change in the statute.

We especially direct the court's attention to a general proposition that we think is good law, and that is, that non-residents of a county cannot be deprived of their property under any statute of limitation by the illegal procedure of the authorities of an isolated municipality without giving some kind of notice to the owner of said property.

And this record shows that W. T. Adams Machine Co., had no notice whatever of any of said matter until they were notified by the sheriff when attempting to pay the taxes due on said lands for the year 1914.

We think this case should be affirmed.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a decree granting the prayer of a bill to remove an alleged cloud upon the title of appellee to certain land.

On July 24, 1909, the board of aldermen of the town of Noxapater adopted an order adding the land here in controversy, which was then owned by appellee, to the Noxapater separate school district. Appellee failed to pay the taxes due on the land for the support of the separate school district for that year, so that it was sold by the tax collector at public sale in 1910 under the provisions of the statutes governing the collection of delinquent taxes, appellant becoming the purchaser thereof. Appellant went into possession of the land in May, 1910, and has occupied it continuously since that day. Appellee's bill of complaint was filed on the 21st day of September, 1915.

Appellee's contention is that the order adding the territory, in which this land is embraced, to the separate school district, is void, and consequently so is the sale made of the land for the collection of the school taxes alleged to be due thereon. Appellant denies that the order and sale are void, and further contends that, conceding, for the sake of the argument, that the order and sale are void, he has been in the actual occupancy of the land for more than three years after the two years from the day of the sale thereof for taxes, so that his title thereto has become perfect under the provisions of section 3095, Code 1906, as amended by Laws 1912, chapter 233 (Hemingway's Code, section 2459). As

this statute appears in the Code of 1906, it reads as follows:

"Actual occupation for three years, after two years from the day of sale of land held under a conveyance by a tax-collector in pursuance of a sale for taxes, shall bar any suit to recover such land or assail such title because of any defect in the sale of the land for taxes, or in any precedent step to the sale. . . . This section shall not apply when the sale is absolutely void and not merely irregular and voidable."

As amended by Laws 1912, chapter 233, which amendment was approved and became effective on February 22, 1912, the last sentence, beginning, "This section shall not apply," etc., is eliminated therefrom. Appellee's contention in this connection is that the amendment has no application here for the reason that it was not in force at the time of the sale of the land. The amendment applies to all sales whether made before or after its passage, and since appellee had been in the actual occupancy of the land when the bill of complaint was filed for more than three years from the day on which the amendment became effective, his title thereto is now perfect.

*Reversed, and bill dismissed.*